**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-1659**

---

FELIPE ISLAS VASQUEZ,

> Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

> Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted: March 16, 2023                                  Decided:  May 3, 2023

---

Before GREGORY, Chief Judge, and KING and QUATTLEBAUM, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

**ON BRIEF:** Melissa J. Mitchell, MITCHELL & SUHR PLLC, Raleigh, North Carolina, for Petitioner. Brian M. Boynton, Principal Deputy Assistant Attorney General, Anthony C. Payne, Assistant Director, Kathleen Kelly Volkert, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Felipe Islas Vasquez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing Islas Vasquez's appeal from the Immigration Judge's ("IJ") decision denying his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). The Board adopted the IJ's decision in large part, agreeing with the IJ that Islas Vasquez's application failed because he had not established that his removal to Mexico would result in an exceptional and extremely unusual hardship to his four United States citizen children. We deny the petition for review.

The Attorney General "'*may* cancel removal' of an applicant who meets four statutory criteria: 1) that the applicant has been physically present in the United States for at least ten continuous years, 2) that the applicant had been a person 'of good moral character' during that ten-year period, 3) that the applicant had not committed certain enumerated offenses, and 4) that the applicant 'establishes that removal would result in exceptional and extremely unusual hardship to the [applicant's citizen or lawful permanent resident] spouse, parent, or child[ren].'" *Gonzalez Galvan v. Garland*, 6 F.4th 552, 557 (4th Cir. 2021) (alterations in original) (quoting 8 U.S.C. § 1229b(b)(1)).

In *Gonzalez Galvan*, we held that the IJ's ruling that an applicant has not met the exceptional and extremely unusual hardship requirement of § 1229b(b)(1) is a mixed question of law and fact that we possess jurisdiction to review under 8 U.S.C. § 1252(a)(2)(D). *Id.* at 560. But in performing that review, we may not disturb "the IJ's factual findings related to the hardship determination," and we assess only whether "the IJ erred in holding that [the] evidence failed as a matter of law to satisfy the statutory standard

2

of exceptional and extremely unusual hardship." *Id.* at 561 (internal quotation marks omitted); *see Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022) (holding that "[f]ederal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings under . . . the . . . provisions enumerated in [8 U.S.C.] § 1252(a)(2)(B)(i)," including 8 U.S.C. § 1229b). Our review of that legal question is de novo. *Gonzalez Galvan*, 6 F.4th at 561.

After reviewing the record, we are satisfied that the Board and the IJ "applied the correct statutory standard, considered all the evidence, and adequately explained the reasons for [their] ruling[s]." *Id.*; *see Arita-Deras v. Wilkinson*, 990 F.3d 350, 356 (4th Cir. 2021) (explaining that when the Board adopts the IJ's decision in a decision of its own, we review both decisions). We thus conclude that neither the Board nor the IJ committed an error of law in denying Islas Vasquez's application for cancellation of removal.[*]

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[*] We also reject Islas Vasquez's argument that the Board erred by declining to review the IJ's determination that Islas Vasquez did not meet the good moral character requirement. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Because the Board did not adopt or affirm the IJ's determination on the good moral character requirement, we have no occasion to address whether Islas Vasquez satisfied that requirement.

3